# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| BENJAMIN SICKS | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv654 |
| STATE OF TEXAS | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff, an inmate confined at the Smith Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff filed this lawsuit complaining of the conditions of his confinement at the Smith Unit. Plaintiff complains that his constitutional rights were violated because of the prison policy regarding shaving and the issuance of razors. Plaintiff claims inmates are put at an unreasonable risk of serious harm, in violation of the Eighth Amendment.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims arose at the Smith Unit in Dawson County, Texas. Pursuant to 28 U.S.C. § 124, Dawson County, Texas is in the Northern District of Texas, Lubbock Division. Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Lubbock Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 17th day of February, 2015.

_____
Zack Hawthorn
United States Magistrate Judge